UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>15-60019-CR-ZLOCH(s)</u>
18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(1)

UNITED STATES OF AMERICA

vs.

JOSEPH HOUSTON,
ZENOVA ABRAHAMS,
ASHLEY PIERRELUS and
RONALD REED,

            Defendants.
_____/

FILED BY _____ D.C.

MAR 2 6 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
(Conspiracy to Traffic In Unauthorized Access Devices - 18 U.S.C. § 1029(b)(2))

Beginning on or about October 15, 2014, through on or about February 27, 2015, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSEPH HOUSTON,
ZENOVA ABRAHAMS,
ASHLEY PIERRELUS
and
RONALD REED,**

did knowingly and willfully combine, conspire, confederate and agree to commit violations of Title 18, United States Code, Section 1029(a), that is:



a. to knowingly and with intent to defraud, traffic in and use one or more unauthorized access devices, during any one year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2); and

b. to knowingly and with intent to defraud, possess fifteen or more unauthorized access devices, that is, social security numbers of other persons, affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

## OBJECT OF THE CONSPIRACY

It was the object of the conspiracy that the defendants, JOSEPH HOUSTON, ZENOVA ABRAHAMS, ASHLEY PIERRELUS and RONALD REED, would and did unjustly enrich, and attempt to enrich, themselves and others, by obtaining and attempting to obtain federal income tax refunds to which they were not entitled.

## MANNER AND MEANS

The manner and means by which the defendants sought to accomplish the object of the conspiracy, included the following:

a. Defendants HOUSTON and ABRAHAMS advised a cooperating individual that they had a source who could provide personal identification information (PII) including names, dates of birth and social security numbers, to be used by the cooperating individual for the purported purpose of filing false and fraudulent federal income tax returns.

b. Defendants PIERRELUS and REED were the sources who provided PII to HOUSTON and ABRAHAMS, who then provided that PII to the cooperating individual.

c. Defendants HOUSTON, ABRAHAMS, PIERRELUS and REED were paid for the PII they provided, and were supposed to receive a percentage of each fraudulent tax refund received.

d. Defendants HOUSTON, ABRAHAMS, PIERRELUS and REED provided the PII of approximately five hundred (500) individuals to the cooperating individual purportedly to file false, fictitious, and fraudulent federal income tax returns.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about October 15, 2014, defendant HOUSTON met with a cooperating individual and advised that he had a source who could provide PII, including names, dates of birth and social security numbers, and further described how he could provide all of the necessary information to file fraudulent federal income tax returns.

2. On or about October 17, 2014, defendants HOUSTON and ABRAHAMS met with the cooperating individual and described a business arrangement whereby they would obtain PII from their source, and provide that information to the cooperating individual who then would use the PII to file fraudulent federal income tax returns and receive refunds, which would then be divided among them.

3. On or about October 17, 2014, defendants HOUSTON and ABRAHAMS advised the cooperating individual that they needed to provide an up-front payment of $10,000 to their source to obtain PII.

4. On or about October 22, 2014, defendant ABRAHAMS received $3,800 from the cooperating individual as partial payment for lists of PII, including names, dates of birth and social security numbers.

5. On or about October 27, 2014, defendants PIERRELUS and REED compiled a list of PII, including names, dates of birth and social security numbers of hundreds of individuals, which defendant REED then provided to defendants HOUSTON and ABRAHAMS.

6. On or about October 29, 2014, defendants HOUSTON and ABRAHAMS provided a list of PII to the cooperating individual, including approximately 250 names, dates of birth and social security numbers, which defendants HOUSTON and ABRAHAMS had obtained from defendants REED and PIERRELUS.

7. On or about October 29, 2014, defendants HOUSTON and ABRAHAMS received another $1,200 from the cooperating individual as payment for lists of PII, including names, dates of birth and social security numbers.

8. On or about November 5, 2014, defendants HOUSTON and ABRAHAMS provided another list of PII to the cooperating individual, including approximately 250 names, dates of birth and social security numbers, which defendants HOUSTON and ABRAHAMS had obtained from defendants REED and PIERRELUS.

9. On or about February 27, 2015, defendant REED received $4,800 as payment for the lists of PII, including names, dates of birth and social security numbers.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 2
(Trafficking In Unauthorized Access Devices - 18 U.S.C. § 1029(a)(2))

Beginning on or about October 15, 2014, through on or about February 27, 2015, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSEPH HOUSTON,**
**ZENOVA ABRAHAMS,**
**ASHLEY PIERRELUS**
**and**
**RONALD REED,**

did knowingly and with intent to defraud, traffic in one or more unauthorized access devices, during any one year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 3
(Access Device Fraud - 18 U.S.C. § 1029(a)(3))

On or about October 29, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSEPH HOUSTON,**
**ZENOVA ABRAHAMS,**
**ASHLEY PIERRELUS**
**and**
**RONALD REED,**

did knowingly and with intent to defraud, possess fifteen or more unauthorized access devices, that is, social security numbers of other persons, affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNT 4
(Aggravated Identity Theft - 18 U.S.C. § 1028A(a)(1))

On or about October 29, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSEPH HOUSTON,
ZENOVA ABRAHAMS,
ASHLEY PIERRELUS
and
RONALD REED,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), that is, trafficking in unauthorized access devices, as charged in Count 2 of this Indictment, did knowingly transfer and possess, without lawful authority, a means of identification of another person, that is, the name, date of birth, and social security number of an individual bearing the initials "J.K.", any one of which would constitute a violation, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 5
(Aggravated Identity Theft - 18 U.S.C. § 1028A(a)(1))

On or about October 29, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSEPH HOUSTON,
ZENOVA ABRAHAMS,
ASHLEY PIERRELUS
and
RONALD REED,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), that is, trafficking in unauthorized access devices, as charged in Count 2 of this Indictment, did knowingly transfer and possess, without lawful authority, a means of identification of another person, that is, the name, date of birth, and social security number of an individual bearing the

initials "M.H.", any one of which would constitute a violation, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 6
(Aggravated Identity Theft - 18 U.S.C. § 1028A(a)(1))

On or about October 29, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSEPH HOUSTON,
ZENOVA ABRAHAMS,
ASHLEY PIERRELUS
and
RONALD REED,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), that is, trafficking in unauthorized access devices, as charged in Count 2 of this Indictment, did knowingly transfer and possess, without lawful authority, a means of identification of another person, that is, the name, date of birth, and social security number of an individual bearing the initials "L.P.", any one of which would constitute a violation, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 7
(Access Device Fraud - 18 U.S.C. § 1029(a)(3))

On or about November 5, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSEPH HOUSTON,
ZENOVA ABRAHAMS,
ASHLEY PIERRELUS
and
RONALD REED,**

did knowingly and with intent to defraud, possess fifteen or more unauthorized access devices, that is, social security numbers of other persons, affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
LAURENCE M. BARDFELD
ASSISTANT U.S ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA         CASE NO.  15-60019-CR-ZLOCH(s)

vs.

Joseph Houston,
Zenova Abrahams,                 **CERTIFICATE OF TRIAL ATTORNEY***
Ashley Pierrelus, and
Ronald Reed         **Defendant.**
_____/         **Superseding Case Information:**

**Court Division**: (Select One)      New Defendant(s)        Yes _X_  No ___
                                      Number of New Defendants    2
___ Miami  ___ Key West               Total number of counts      7
_X_ FTL    ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  NO
   List language and/or dialect  _____

4. This case will take  _5_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days       _X_           Petty       ___
   II   6 to 10 days      ___           Minor       ___
   III  11 to 20 days     ___           Misdem.     ___
   IV   21 to 60 days     ___           Felony      _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)  YES
   If yes:
   Judge: William J. Zloch            Case No.  15-60019-CR-Zloch
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  NO
   If yes:
   Magistrate Case No.            _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the  _____    District of _____

   Is this a potential death penalty case? (Yes or No)  NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0712450

*Penalty Sheet(s) attached                                    REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JOSEPH HOUSTON

**Case No**: 15-60019-CR-ZLOCH(s)

Count #: 1

Conspiracy to Commit Access Device Fraud

In violation of Title 18, United States Code, Section 1029(b)(2)

\***Max. Penalty:** Five (5) years imprisonment; three (3) years supervised release; $250,000 fine

Count #: 2

Trafficking In Unauthorized Access Devices

in violation of 18 U.S.C. § 1029(a)(2)

\***Max. Penalty:** Ten (10) years imprisonment; three (3) years supervised release; $250,000 fine

Counts #: 3, 7

Access Device Fraud

in violation of 18 U.S.C. § 1029(a)(3)

\***Max. Penalty:** Ten (10) years imprisonment; three (3) years supervised release; $250,000 fine

Count #: 4, 5, 6

Aggravated Identity Theft

in violation of 18 U.S.C. § 1028A(a)(1)

\***Max. Penalty:** Mandatory two (2) years imprisonment consecutive to any other sentence imposed; one (1) year supervised release: $250,000 fine

Count #:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ZENOVA ABRAHAMS

**Case No**: 15-60019-CR-ZLOCH(s)

Count #: 1

Conspiracy to Commit Access Device Fraud

In violation of Title 18, United States Code, Section 1029(b)(2)

**\*Max. Penalty:** Five (5) years imprisonment; three (3) years supervised release; $250,000 fine

Count #: 2

Trafficking In Unauthorized Access Devices

in violation of 18 U.S.C. § 1029(a)(2)

**\*Max. Penalty:** Ten (10) years imprisonment; three (3) years supervised release; $250,000 fine

Counts #: 3, 7

Access Device Fraud

in violation of 18 U.S.C. § 1029(a)(3)

**\*Max. Penalty:** Ten (10) years imprisonment; three (3) years supervised release; $250,000 fine

Count #: 4, 5, 6

Aggravated Identity Theft

in violation of 18 U.S.C. § 1028A(a)(1)

**\*Max. Penalty:** Mandatory two (2) years imprisonment consecutive to any other sentence imposed; one (1) year supervised release: $250,000 fine

Count #:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ASHLEY PIERRELUS

**Case No**: 15-60019-CR-ZLOCH(s)

Count #: 1

Conspiracy to Commit Access Device Fraud

In violation of Title 18, United States Code, Section 1029(b)(2)

**\*Max. Penalty:** Five (5) years imprisonment; three (3) years supervised release; $250,000 fine

Count #: 2

Trafficking In Unauthorized Access Devices

in violation of 18 U.S.C. § 1029(a)(2)

**\*Max. Penalty:** Ten (10) years imprisonment; three (3) years supervised release; $250,000 fine

Counts #: 3, 7

Access Device Fraud

in violation of 18 U.S.C. § 1029(a)(3)

**\*Max. Penalty:** Ten (10) years imprisonment; three (3) years supervised release; $250,000 fine

Count #: 4, 5, 6

Aggravated Identity Theft

in violation of 18 U.S.C. § 1028A(a)(1)

**\*Max. Penalty:** Mandatory two (2) years imprisonment consecutive to any other sentence imposed; one (1) year supervised release: $250,000 fine

Count #:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: RONALD REED

**Case No**: 15-60019-CR-ZLOCH(s)

Count #: 1

Conspiracy to Commit Access Device Fraud

In violation of Title 18, United States Code, Section 1029(b)(2)

**\*Max. Penalty:** Five (5) years imprisonment; three (3) years supervised release; $250,000 fine

Count #: 2

Trafficking In Unauthorized Access Devices

in violation of 18 U.S.C. § 1029(a)(2)

**\*Max. Penalty:** Ten (10) years imprisonment; three (3) years supervised release; $250,000 fine

Counts #: 3, 7

Access Device Fraud

in violation of 18 U.S.C. § 1029(a)(3)

**\*Max. Penalty:** Ten (10) years imprisonment; three (3) years supervised release; $250,000 fine

Count #: 4, 5, 6

Aggravated Identity Theft

in violation of 18 U.S.C. § 1028A(a)(1)

**\*Max. Penalty:** Mandatory two (2) years imprisonment consecutive to any other sentence imposed; one (1) year supervised release: $250,000 fine

Count #:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**